IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. )   Case No. 15-20011-JWL
)
JEFFERY L. SINGLETON, )
)
          Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

Defendant was arrested in April 2015, and in October 2015, he pleaded guilty to two counts of being a felon in possession of a firearm. On February 2, 2016, he was sentenced to a term of imprisonment of 21 months and a three-year term of supervised release (both concurrent for the two offenses). He was released from prison on October 21, 2016. Defendant now moves (through counsel) for early termination of his term of supervised release (Doc. # 27).[1] The Government opposes the motion. The Court **grants** the motion.

A district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

---

[1] Defendant has waived any hearing on his motion.

*See* 18 U.S.C. § 3583(e)(1). Whether to grant a motion to terminate a term of supervised release is a matter within the sentencing court's discretion. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

The Court concludes that termination at this time is warranted by defendant's conduct and the interest of justice. Defendant has completed over 22 months of supervised release. He is presently in good standing with the Probation Office, and he has passed all tests and complied with all requirements since his release from prison. He has maintained stable employment (and recently been promoted) since his release, and he has family in the area. Most importantly, the Probation Office supports early termination of supervised release.

In opposing the motion, the Government notes defendant's criminal history, which includes offenses and other violations committed while on probation. The prior misconduct, however, occurred many years before the instant offenses, and they do not necessarily suggest a need for continued supervision, particularly in light of defendant's unblemished record over the last 22 months.

Defendant's motion is supported by the Probation Office, which is most familiar with defendant's circumstances and his conduct since his release, and thus is in the best position to assess the need for continuing supervision. The Court is persuaded that termination of supervised release is warranted here. Accordingly, the Court grants the motion, and defendant's term of supervised release is hereby terminated.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for early termination of supervised release (Doc. # 27) is **granted**, and defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

Dated this 30th day of August, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge